Toomey, J.
INTRODUCTION
This matter is before the court on the cross motions of the parties for summary judgment. Plaintiff Jane Meagher (“Meagher”) seeks to have the August 8, 2000 sheriffs sale of her home set aside based on a Declaration of Homestead she filed on or about May 20, 1992. Defendant First Parking Corporation (“First Parking") responds that plaintiffs claim is barred by a Settlement Agreement between plaintiff and defendant’s predecessor in interest, the Worcester County Institution for Savings (“WCIS”) on May 9, 1994. The parties agree that there are no disputed issues of material fact and that the dispute should be decided as a matter of law.
For the following reasons, First Parking Corporation’s motion is ALLOWED and Meagher’s motion is DENIED.
BACKGROUND
On December 22, 1987, Meagher and others jointly and severally executed a promissory note (the “Note”) in the amount of $125,000 to WCIS in connection with the purchase of investment property. A mortgage secured the debt. Meagher subsequently defaulted under the terms of the Note by failing to make the required payments, and WCIS commenced foreclosure proceedings under the mortgage signed in conjunction with the Note. Because the foreclosure failed to satisfy the full amount of the debt Meagher owed WCIS under the Note, WCIS commenced suit for the balance of $132,445.52 in Worcester District Court (civil action no. 9262CV03223). On or about August 16, 1993, the Worcester District Court entered judgment in favor of WCIS and issued an execution in the amount of $148,038.32.
On May 20, 1992, between the 1987 execution of the Note and the 1993 District court judgment. Meagher filed a Homestead Declaration protecting her residence at 9 Pine Arden Drive, West Boylston, Massachusetts. On or about May 9, 1994, following the August 6, 1993 district court judgment, Meagher entered into a Settlement Agreement with WCIS (the “Agreement”). The Agreement provided, in pertinent part,
WCIS reserves and retains the right to collect the obligations to the extent of Jane’s interest in Pine Arden Drive. Jane Meagher shall not take any future actions to alienate or encumber her interest in Pine Arden Drive and WCIS may, to the extent permitted by law, execute upon, seize and sell at Sheriffs sale Jane’s interest in said property with the net proceeds to be applied to the balance due on the Obligation.
In addition, Meagher certified to, and the Agreement was contingent upon, “the completeness and accuracy of her financial statement submitted to WCIS dated February 4, 1994.” There is no evidence that the financial statement contained any information about the 1992 Homestead Exemption.
On or about February 10, 2000, the First National Bank of Boston (“First National”), WCIS’ successor in interest, executed a Non-Recourse Assignment to defendant “First Parking,” conveying to it, inter alia, all of First National’s right, title and interest in the May 1994 Agreement between WCIS and Meagher. On or about April 24, 2000, the Worcester District Court issued an alias execution to First Parking, as successor in interest to WCIS. On or about May 4, 2000, First Parking, through the Worcester County Deputy Sheriff, seized and took all Meagher’s right, title and interest in the property at 9 Pine Arden Drive.
On August 8, 2000, the Sheriff conducted a sale of the property[2] and Meagher now seeks to set aside that sale on the grounds that her May 1992 Declaration of Homestead barred the foreclosure that eventuated in the sale sub judice.
DISCUSSION
Summary judgment is granted where there are no issues of genuine material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no triable issue of fact. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). The parties dispute whether the 1994 Settlement is subject to the 1992 Homestead Exemption. Because there are no material facts in dispute, the parties request that this court decide the question as a matter of law.
*585 Relying on G.L.c. 188, §2, Meagher contends that, because the Agreement to settle her 1987 debt was reached in 1994, two years after she filed her 1992 Homestead Exemption for 9 Pine Arden Drive, the Exemption survived the settlement and, therefore, the sheriffs sale is barred. The contention is, however, without merit.
A settlement agreement between a creditor and a debtor does not extinguish the original debt unless the creditor accepts the settlement agreement with the understanding that its original rights may be impaired, abolished or extinguished by a qualifying circumstance such as the Homestead Declaration at bar. See Tucker v. Drake, 11 Allan (145) (1865). At bar, there is no evidence that WCIS entered into the Agreement with any such understanding and, therefore, Meagher’s Homestead Declaration cannot be interpreted to defeat the rights of WCIS or its successors, such as First Parking.
Moreover, the Agreement identified the obligation to be satisfied as the judgment and execution issued by the Worcester District Court in 1994. Because that judgment and execution arose directly from Meagher’s default on the 1987 Note, the Agreement did not vary the obligation owed under the 1987 Note, and the 1992 Homestead Exemption does not reach back to relieve Meagher of her 1987 debt. Tucker at 14.[3]
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant First Parking’s motion for summary judgment is ALLOWED and plaintiff Jane Meagher’s motion is DENIED.

 In connection with this action, which was filed on or about July 27, 2000, Meagher also sought a temporary restraining order to stay the sheriffs sale. That motion was subsequently withdrawn and was never heard by the court.

 To the extent that Meagher failed to disclose the 1992 Exemption when she entered into the 1994 Agreement with WCIS, her action would also likely be barred by the equitable doctrine of unclean hands.